# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE SHUE, JR., | ) 1:05-cv-00504-AWI-TAG HC |
| Petitioner, | ) REPORT AND RECOMMENDATION<br>) TO DISMISS THIRD AND FOURTH |
| v. | ) GROUNDS FOR RELIEF IN HABEAS<br>) CORPUS PETITION FOR FAILURE TO<br>) STATE A COGNIZABLE FEDERAL CLAIM |
| JOSEPH L. McGRATH, et al., | ) |
| Respondents. | ) (Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On April 14, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  (Doc. 1).  In the petition before the Court, petitioner raises four grounds for relief: 1) Violation of Fifth and Fourteenth Amendment protections when the prosecution withheld evidence; (2) Denial of petitioner's right to the effective assistance of trial counsel; 3) Failure of the trial court to instruct the jury that in California self-defense is a complete defense; and 4) Misinstruction of the jury by the judge regarding California law on the "initial aggressor."  (Doc. 1, pp. 5-6).

1

**DISCUSSION**

A. <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the face of the petition and any exhibits annexed to
it that the petitioner is not entitled to relief in the district court, the judge shall
make an order for its summary dismissal and cause the petitioner to be notified.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
entertain an application for a writ of habeas corpus in behalf of a person in
custody pursuant to a judgment of a State court *only on the ground that he is in
custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United

States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack

by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475,

484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, a

petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding. 28 U.S.C. § 2254(d)(1), (2).

The issue of whether a jury instruction is a violation of state law is neither a federal

question nor a proper subject for habeas corpus relief. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68

(1991). ("We have stated many times that 'federal habeas corpus relief does not lie for errors of

state law.' "), *quoting* <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Gilmore v. Taylor</u>, 508 U.S.

1  333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to

2  the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal

3  courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877

4  F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). In addition, "the availability of a

5  claim under state law does not of itself establish that a claim was available under the United

6  States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting, Dugger v. Adams, 489

7  U.S. 401, 409 (1989).

8          Here, Petitioner's fourth claim for relief challenges the trial court's instruction regarding

9  the state law on an initial aggressor in the context of a defense of self-defense. This is purely a

10  question of state law and is not cognizable in a federal habeas proceeding. Moreover, Petitioner

11  does not suggest in his petition that this is a federal issue. Petitioner does not allege a violation

12  of the Constitution or federal law, nor does he argue that he is in custody in violation of the

13  Constitution or federal law. Petitioner does not allege that the adjudication of this claim in state

14  court "resulted in a decision that was contrary to, or involved an unreasonable application of,

15  clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable

16  determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner raises the claim only as a state law

17  claim, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v.

18  McGuire, 502 U.S. at 67; Gilmore v. Taylor, 508 U.S. at 348-349.

19          Petitioner's third claim for relief also raises an issue of state law regarding the trial

20  court's failure to properly instruct the jury regarding California law on self-defense. This, too, is

21  purely an issue of state law and is not cognizable in federal habeas proceedings. Although

22  Petitioner seeks to couch the claim as a federal issue by indicating in the petition that the trial

23  court's failure to instruct violated his right to a fair trial under the Sixth Amendment, Petitioner's

24  broad assertion of such a federal violation does not transform this state claim into a federal one.

25  Merely placing, for example, a "due process" label on an alleged violation does not entitle

26  petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory

27  allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66

28  F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald

3

assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the Petitioner.

Moreover, to obtain federal collateral relief for errors in the jury charge, the Petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See Estelle v. McGuire, 502 U.S. at 72. Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The Court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See United States v. Frady, 456 U.S. 152, 169 (1982), *citing* Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

Furthermore, even if it is determined that the instruction violated Petitioner's right to due process, he can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). See Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. Id. Moreover, as in this case, a petitioner whose claim involves the *omission* of an instruction "bears an especially heavy burden," because an omission is less likely to be prejudicial than a misstatement of the law. Reynolds v. Maddock, 1999 WL 354366, *3 (N.D. Cal. 1999).

///

1    From the foregoing, the Court concludes that the third claim for relief does not state a

2    cognizable habeas issue despite Petitioner's generic reference to the Sixth Amendment in his

3    petition.

4                                    **RECOMMENDATION**

5    Accordingly, the Court HEREBY RECOMMENDS that petitioner's third and fourth

6    claims for relief in the petition for writ of habeas corpus be DISMISSED with prejudice for

7    failure to state a claim cognizable under 28 U.S.C. § 2254.

8    This Report and Recommendation is submitted to the United States District Judge

9    assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

10   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

11   California.   Within thirty (30) days after being served with a copy, any party may file written

12   objections with the court and serve a copy on all parties.   Such a document should be captioned

13   "Objections to Magistrate Judge's Report and Recommendation."   Replies to the objections shall

14   be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of

15   the objections.   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

16   § 636 (b)(1)(C).   The parties are advised that failure to file objections within the specified time

17   may waive the right to appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

18   Cir. 1991).

19

20   IT IS SO ORDERED.

21   **Dated:    December 8, 2005**              **/s/ Theresa A. Goldner**
22   j6eb3d                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                             5