UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY WAYNE SHUE, JR., | ) | 1:05-cv-00504-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING REPORT AND |
| | ) | RECOMMENDATION (Doc. 8) |
| v. | ) | |
| | ) | ORDER REQUIRING PETITIONER TO FILE |
| | ) | AN AMENDED PETITION |
| JOSEPH L. McGRATH, et al., | ) | |
| | ) | ORDER DENYING MOTION FOR |
| Respondents. | ) | APPOINTMENT OF COUNSEL (Doc. 12) |
| | ) | |
| | | ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM PETITION FOR STATE PRISONERS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On April 14, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Doc. 1). In that petition, Petitioner raises four grounds for relief: 1) Violation of Fifth and Fourteenth Amendment protections when the prosecution withheld evidence; (2) Denial of Petitioner's right to the effective assistance of trial counsel; 3) Failure of the trial court to instruct the jury that in California self-defense is a complete defense; and 4) Misinstruction of the jury by the judge regarding California law on the "initial aggressor." (Doc. 1, pp. 5-6).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which requires the Court to conduct a preliminary review of each petition for writ of habeas corpus and to dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," Rule 4 of the Rules Governing Section 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990), the Court conducted a preliminary review of the instant petition and issued a Report and Recommendation on December 15, 2005, recommending that Grounds Three and Four be dismissed for failure to state cognizable federal claims. (Doc. 8). Ground Three merely characterized the state court's failure to instruct that self-defense is complete defense as a violation of due process. (Doc. 1, p. 6). Ground Four referred to the state court's mis-instruction on the "initial aggressor" doctrine. (<u>Id</u>.). However, it contained no reference at all to federal law. In the Court's view, therefore, Grounds Three and Four did not sufficiently allege violations of federal law to entitle Petitioner to habeas relief.

On December 30, 2005, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 10). Petitioner appended to his objections excerpts from the Petition for Review filed in the California Supreme Court on direct state review of his conviction and sentence. Also on December 30, 2005, Petitioner filed a motion for appointment of counsel. (Doc. 12).

**DISCUSSION**

A. <u>Withdrawal of the Report and Recommendation of December 15, 2005 And Order To File an Amended Petition.</u>

The Petition for Review attached to Petitioner's objections to the Report and Recommendation was not filed with the original Petition and thus was not available to the Court at the time it initially screened the Petition and issued its Report and Recommendation to dismiss Grounds Three and Four. The legal arguments contained in the Petition for Review and that relate to Grounds Three and Four disclose sufficient discussion of applicable federal law and citation to federal authority to have adequately raised and exhausted those grounds as federal claims in state court. Nevertheless, in his Petition, Petitioner has, in the Court's view, failed to adequately articulate his federal bases for either of these two grounds, as indicated by the Report

and Recommendation issued December 15, 2005.

However, because it appears now to the Court that Petitioner may in fact be able to plead a cognizable federal basis for both Grounds Three and Four, the Court will permit Petitioner to file an amended petition alleging the federal bases for Grounds Three and Four. To facilitate this procedure, the Court will vacate its Report and Recommendation of December 15, 2005 and order Petitioner to file an amended petition.

B. <u>Motion for Appointment of Counsel</u>.

Petitioner filed a previous motion for appointment of counsel on April 15, 2005. (Doc. 2). The Court denied that motion on April 25, 2005. (Doc. 6). At that time, the Court, as it does again today, advised Petitioner that there exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958), *cert. denied*, 358 U.S. 889 (1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir. 1984), *cert. denied*, 469 U.S. 823 (1984). Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Here, however, Petitioner has provided no reason except indigence for requesting appointment of counsel. As was the case with the previous motion, the Court does not find that the interests of justice would be served by the appointment of counsel at this time. Accordingly, the Court will deny Petitioner's motion.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that:

1. The Report and Recommendation issued December 15, 2005 (Doc. 8), is VACATED;

2. Petitioner's motion for appointment of counsel (Doc. 12), is DENIED;

3. Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the amended petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition,

Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised. **The Court will not consider the original petition; instead, the amended petition must be sufficient by itself without reference to the original petition**. *Petitioner is reminded that each claim in the amended petition must state a cognizable federal claim and adequately allege the federal bases for such claims*; and,

4. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    January 4, 2006**             /s/ Theresa A. Goldner
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE