# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY WAYNE SHUE, JR., | ) | 1:05-cv-00504-AWI-TAG HC |
| | ) | |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTIONS FOR DEFAULT JUDGMENT |
| v. | ) ) | (Docs. 34 & 35) |
| | ) ) | ORDER REQUIRING OBJECTIONS TO BE |
| D. K. SISTO, | ) ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On March 13, 2007, the Court ordered Respondent to file an answer to the amended petition.  (Doc. 27).  On June 11, 2007, Respondent requested an enlargement of time within which to respond (Doc. 29), and the Court granted Respondent's motion to enlarge the time to file an answer up to and including July 30, 2007.  (Doc. 30).  On July 30, 2007, Respondent filed his answer.  (Doc. 32).  On August 22, 2007, Petitioner filed the instant motion for entry of default judgment, apparently under the mistaken assumption that Respondent had not timely filed his answer.  (Doc. 34).  Then again, on December 14, 2007, Petitioner filed yet another motion for entry of default on the same grounds.  (Doc. 35).

**DISCUSSION**

Petitioner contends in both motions that he is entitled to default judgment because respondent did not comply with the Court-imposed deadline to submit a response to the merits of Petitioner's claims.  The Court rejects this contention.  As is obvious from the chronology recited

above, Respondent filed his answer on within the time period provided for by the Court. Therefore, there is no basis on which to conclude that Respondent's answer was untimely or that Respondent failed to abide by the Court's order.

However, even had Respondent's answer been filed beyond the deadline imposed by the Court's order of June 15, 2007, Petitioner would not be entitled to entry of default judgment. Title 28 U.S.C. § 2241(c)(3) provides that there is a presumption that the state court judgment, pursuant to which a petitioner has been imprisoned, is valid unless and until a petitioner has made a showing that it is not, and a petition for writ of habeas corpus will not be issued unless a petitioner can establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner. The failure of State officials to file a timely response does not relieve him of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons.

It is undisputed that a failure of the State to file a timely response to the claims in a habeas corpus petition does not entitle petitioner to default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984)(state attorney general's failure to comply with court's order to respond not a justification for entering default judgment in favor of petitioner). Thus, regardless of whether Respondent is delinquent in responding to the Court's orders, the Court is obligated to hear the case on the merits.

1  Accordingly, the Court will recommend that the requests for default judgment (Docs. 34 & 35), be DENIED.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the Petitioner's requests for default judgment (Docs. 34 & 35), be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 14, 2008**              /s/ Theresa A. Goldner
                                           UNITED STATES MAGISTRATE JUDGE