IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE SHUE, JR., ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> D.K. SISTO, Warden, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | 05-cv-0504 AWI JMD HC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## BACKGROUND

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 24, 2008, the Magistrate Judge filed Findings and Recommendations that recommended the petition be denied. These Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. The deadline passed, and no objections were filed. On November 7, 2008, the court issued an order adopting in full the Findings and Recommendations. On November 19, 2008, Petitioner filed a motion for reconsideration in which Petitioner contended that he did not receive a copy of the Findings and Recommendations. On November 25, 2008, the court vacated the November 7, 2008 order adopting the Findings

and Recommendations, directed the Clerk of Court to serve a copy of the Findings and Recommendations on Petitioner, and granted Petitioner thirty days in which to file objections. On December 30, 2008, Petitioner filed objections to the Findings and Recommendations.

## DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. Based on the objections, the court briefly adds the additional analysis below. Because the facts are known to the parties and addressed in the Findings and Recommendation, they will not be repeated here.

Preliminarily, the court notes that several of Plaintiff's claims concern Plaintiff's assertion that the prosecution's "star witness", Charlotte Covert (Petitioner's sister and the victim's wife), had a prior conviction for welfare fraud. Plaintiff contends the prosecution violated Brady by not disclosing this conviction and/or Plaintiff's attorney was ineffective for not discovering the conviction and impeaching Charlotte Covert with the conviction. Plaintiff has provided evidence that a person named Charlotte Hogan was convicted in 1996 for welfare fraud. Plaintiff asserts in his briefs that Charlotte Covert and Charlotte Hogan are the same person. Plaintiff, however, offers no evidence for this proposition. The only evidence in the record is that Charlotte Covert has a son named Brian Hogan; Such evidence offers little to prove Charlotte Covert was the Charlotte Hogan convicted of welfare fraud. In federal habeas proceedings the petitioner bears the burden of proving his case. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir. 1994). Absent evidence, as opposed to mere assertions, that Charlotte Covert and Charlotte Hogan are the same person, Plaintiff's claims concerning the welfare fraud conviction fail. Regardless, even assuming Charlotte Covert is the Charlotte Hogan who was convicted of welfare fraud, Petitioner's claims fail.

//

**A.  Brady Violation**

In the objections, Petitioner contends that the state courts and the Magistrate Judge erred by not finding Petitioner's Brady rights were violated when the prosecutor did not inform Petitioner that Charlotte Covert had a conviction for welfare fraud.  Petitioner admits he has no evidence that the Prosecutor knew about Charlotte Covert's welfare fraud conviction; Petitioner appears to take the position that the Prosecutor should have discovered and then disclosed Charlotte Covert's conviction because it occurred in the same county as Petitioner's conviction.

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court found that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.  Brady, 373 U.S. at 87.  A Brady claim has three components: (1) The evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) The evidence must have been suppressed by the state, either wilfully or inadvertently; and (3) prejudice must have ensued.  Strickler v. Green, 527 U.S. 263, 281-82 (1999).  Evidence is material for Brady purposes "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Kyles v. Whitley, 514 U.S. 419, 437-38 (1995).  "Although the constitutional duty is triggered by the potential impact of favorable but undisclosed evidence, a showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal (whether based on the presence of reasonable doubt or acceptance of an explanation for the crime that does not inculpate the defendant)."  Kyles, 514 U.S. at 434.  "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." Id.  (internal quotes omitted); United States v. Jernigan,  492 F.3d 1050, 1054 (9th Cir. 2007).  "One does not show a

Brady violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles, 514 U.S. at 435; Jernigan, 492 F.3d at 1054 n.7.

The basis of Petitioner's Brady violation is that the prosecution had a duty to discover any criminal record of its witnesses. Petitioner argues that in this case the benefit of knowing about the criminal record was high and the burden on the prosecution would have been minimal. Plaintiff has not cited any Supreme Court case setting out a duty to learn of impeachment evidence. Concerning a prosecutor's duty to discover Brady material, the Supreme Court has found that an "individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles, 514 U.S. at 437-38. Here, there is no evidence that anyone involved in Petitioner's case knew Charlotte Covert had a conviction. Thus, it does not appear there is a Brady violation based on Supreme Court precedent.

The court recognizes that some Circuit Courts of Appeal have found a duty under Brady to learn of impeachment evidence. See United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991); United States v. Auten, 632 F.2d 478 (5th Cir.1980). In Perdomo, the Third Circuit found a Brady violation when the government failed to check the local criminal records for information concerning its key witness. Perdomo, 929 F.2d at 970. In Auten, the Fifth Circuit found a Brady violation when the prosecutor chose not to run a search on one of its key witnesses because of the brief time before trial. Auten, 632 F.2d at 481. In both cases, the Circuit Courts held that the first element of a Brady violation was established because the government intentionally failed to seek out information readily available to it. However, in United States v. Young, 20 F.3d 758 (7th Cir. 1994), the Seventh Circuit found that knowledge of a witness's full criminal history is not imputed just because the prosecutor could have obtained the criminal records. Id. 20 F.3d at 764.

Petitioner is only entitled to habeas corpus relief if the state court's decision "was

4

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  Given the absence of Supreme Court president and the differences set forth by the Circuit Courts, this court cannot find that clearly established law as determined by the Supreme Court requires the prosecution to discovery if witnesses have a criminal conviction.   Regardless, even those courts that have found a <u>Brady</u> violation have determined that the burden on the prosecution must be considered.   Here, Petitioner is not merely asking that the prosecution have searched local records for Charlotte Covert's criminal history.   Petitioner is contending <u>Brady</u> requires the prosecution to obtain information regarding the prior names used by any witness and investigating the criminal history under each name.   There is simply no support for such an obligation under Brady.

   In addition, the court cannot find the California court's decision that Charlotte' Covert's conviction was not material is contrary to clearly established law.  The Ninth Circuit has found that impeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case. <u>Silva v. Brown</u>, 416 F.3d 980, 987 (9th Cir. 2005).  The Ninth Circuit has also held that when the state relies on the testimony of a criminal informant, it has an obligation to disclose all information bearing on that witness's credibility, including the witness's criminal record and any other information that bears on credibility. <u>Carriger v. Stewart</u>, 132 F.3d 463, 480 (9th Cir. 1997).   In this case, Charlotte Covert was not an informant nor was she given any consideration regarding her own criminal conduct.   Despite Petitioner statements that Charlotte Covert was the "star witness," Charlotte Covert was not the only eye-witness to the shooting; Brian Hogan also testified about the shooting.   In addition, there was significant circumstantial evidence concerning Petitioner's state of mind the morning of the shooting.   Finally, Petitioner's defense at trial is not the same one Petitioner sets forth in this habeas copurs petition.   While Petitioner now contends he acted in self defense, his defense at trial was that his actions constituted manslaughter, not first or second degree murder.   <u>See</u> Reporter's Transcript at 578-79.  Given the issue at trial was Petitioner's state of mind, impeaching the testimony of Charlotte Covert with a welfare fraud conviction does not place the

"whole case in such a different light as to undermine confidence in the verdict." Much of Charlotte Covert's testimony was helpful to Petitioner's state of mind defense because she testified about Petitioner's drunkenness and irrational conduct along with the victim's reputation and gun use. Thus, the court cannot find a Brady violation.

**B. Ineffective Assistance of Counsel**

Petitioner also contends that his counsel was ineffective for not discovering Charlotte Covert's conviction and impeaching her with it at trial. As explained by the Magistrate Judge, to show ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In addition, the petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Given Petitioner's defense at trial concerned his mental state, the court cannot find that trial counsel's performance was unreasonable or that Petitioner was prejudiced by the failure to impeach Charlotte Covert. To accept Petitioner's perfect self defense theory the jury would have needed to find Charlotte Covert was correct when she testified Petitioner backed up towards the door when the victim appeared, indicating Petitioner was retreating and no longer a threat, but lying about other facts, such as how far Petitioner came into the house, how far Petitioner backed up, and whether the victim's gun was raised. Given the limited evidence of prefect self defense and evidence Petitioner's conduct was only manslaughter, it was not ineffective for Petitioner's counsel to focus on Petitioner's lack of intent rather than arguing he acted in self defense. Given his defense at trial, the failure to impeach Charlotte Covert, who offered helpful evidence about Petitioner's lack of intent, was not prejudicial.

//

//

**ORDER**

The court adopts the Findings and Recommendation in full with the additional analysis provided in this order. As to those objections not addressed specifically in this order, the court finds that the Findings and Recommendation adequately address Petitioner's objections and no further discussion is necessary. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 24, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED with prejudice; and
3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    February 6, 2009**                     /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE